IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LONNEL PORTER,<br><br>Defendant. | Case No. CR09-2005<br><br>ORDER FOR PRETRIAL DETENTION |

On the 4th day of March, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Robert L. Teig. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## RELEVANT FACTS

On January 29, 2009, Defendant Lonnel Porter was charged by Indictment (docket number 2) with being a felon in possession of a firearm. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on May 4, 2009.

The evidence relating to detention was proffered by the parties at the instant hearing and found in the pretrial services report prepared by the probation office. According to the Government's proffer, several witnesses will testify that they saw Defendant in possession of an SKS semiautomatic assault weapon. No ammunition was found. Defendant resisted arrest and subsequently kicked out a window in the squad car. When he was released, Defendant threatened to come back and shoot the officers.

Defendant denied to officers that he was in possession of the gun. No identifiable fingerprints were found on the gun. Defendant denies making any threats to the officers.

1

According to the pretrial services report, Defendant is 24 years old and is a lifelong resident of Waterloo, Iowa. Defendant has never been married, but has a two-month-old child who lives with her mother. Prior to his arrest, Defendant was living with his girlfriend in Waterloo.

Defendant earned a GED while in prison and subsequently attended Hawkeye Community College for about a year. Defendant receives social security disability benefits due to a mental health condition. Defendant was diagnosed with schizophrenia as a child and currently takes medication for that condition. Defendant is unemployed and has no significant work history.

Defendant admitted using marijuana on a daily basis starting at age 12 and continuing until about the time he went to prison. Following his release from prison, Defendant was convicted of operating a motor vehicle while under the influence. Defendant told the pretrial services officer that he completed substance abuse treatment programs while in prison and while on parole.

On March 25, 2002, Defendant was charged with possession of burglar's tools and interference with official acts. On June 2, 2002, Defendant was charged in a separate incident with burglary in the third degree. Defendant was apparently placed in a "supervision detour program" on both charges on July 30, 2002. Defendant failed to successfully complete the supervision, however, and he subsequently pleaded guilty to interference with official acts and burglary in the third degree. On February 3, 2003, Defendant was given 30 days in jail on the interference with official acts charge and a suspended 10-year prison term on the burglary in the third degree charge.

On July 22, 2003, while on probation for the two charges described above, Defendant was charged with two counts of forgery. On April 5, 2004, Defendant received a five-year prison term on each of the forgery counts. On July 16, 2004, Defendant's probation was revoked on the burglary charge and the ten-year prison term was imposed. Also in 2004, Defendant was convicted of domestic abuse assault and false imprisonment.

Defendant was paroled on April 19, 2007. On June 10, 2007, Defendant was charged with operating a motor vehicle while under the influence. Defendant initially received a 90-day jail term, with 88 days suspended. In October 2007, Defendant was convicted of assault.

In July 2008, at the time of the events giving rise to the instant charge, Defendant was on parole on the burglary charge and on probation on the operating while under the influence charge. Recently, however, both Defendant's parole and probation were discharged.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where

a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with being a felon in possession of a firearm, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm. Defendant resisted arrest and kicked out the window of a squad

4

car. It is difficult for the Court to determine the "weight of the evidence" without being able to judge the credibility of the witnesses who will testify that they saw Defendant in possession of the firearm. Defendant will deny that he possessed the firearm and there are no identifiable fingerprints on the gun. Defendant has a lifelong connection with Waterloo and the Government concedes that he is not a risk of flight. Defendant also has a substantial criminal history. Of particular significance to the Court is the fact that Defendant has failed to comply with conditions of probation on at least three separate occasions. Defendant was on probation and parole at the time of the events which give rise to the instant charge. Defendant has been convicted of two assault charges and it is alleged that he was in possession of a semiautomatic assault weapon.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.　　The time from the Government's oral motion to detain (March 2, 2009) to the filing of this Ruling (March 5, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 5th day of March, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA